LAND, J.
 

 The Sixth District Building & Loan Association, as owner, entered into two contracts with the defendant, Paul J. Bachemin, contractor and builder, for the construction of two buildings, each for the price of $7,100, to be erected on two separate lots, located on Roman street in the city of New Orleans.
 

 The United States Fidelity & Guaranty Company executed a bond, as surety for the contractor on both of these contracts, against any liens, and bound and obligated itself to secure the payment of all claims for material used in and on the buildings, including that furnished by the Clifford F. Favrot Supply Company, Inc., plaintiff, who has instituted the present suit to recover of the contractor and his^surety the sum of $369.15 for materials furnished to the contractor, and alleged to have gone into the two, buildings erected on these separate lots.
 

 Judgment by default was confirmed in the lower court against Bachemin, the contrac
 
 *844
 
 tor, but plaintiff’s suit was dismissed as against the United States Fidelity & Guaranty Company, as surety on each of the bonds executed by the contractor under his separate building contracts.
 

 On appeal by the plaintiff to the Court of Appeal for the parish of Orleans, the judgment of the lower court was reversed as to the surety company, one of the judges dissenting, and judgment was rendered in favor of plaintiff against the United States Fidelity & Guaranty Company, as surety. This judgment is now before us for review.
 

 Plaintiff brought one suit for the total value of the materials furnished under both building contracts and both bonds.-
 

 Plaintiff clearly proved that it furnished the materials to the contractor for the amount of its claim, but failed to establish what portion of the materials sold to the contractor was used in the construction of each building contract.
 

 The defense of the surety is that it did not give, one bond for the two buildings, but gave two bonds, one for each job, and that its liability must be adjudicated as if a separate suit had been brought against it on each bond, and that the plaintiff can gain no advantage by bringing suit on the two bonds in one petition.
 

 In our opinion, the position of the surety is well taken, and must prevail.
 

 There are two separate and distinct contracts for the construction of two separate and distinct buildings, each contract covering its own particular building, described and referred to therein.
 

 The two contracts were entered into by the Sixth District Building
 
 &
 
 Loan Association for the account of two of its borrowers; each contract being for the benefit and advantage of a separate and distinct borrower.
 

 Mere proof of materials furnished the contractor in globo for the two distinct buildings is not sufficient to fix the liability of the surety under the bond as to either building.
 

 The bonds executed by the surety in this case are statutory. They are bonds required by the law of the state, and, under the express terms of these bonds, respondent is liable on each bond only for materials that were furnished to, and form part of, the buildings covered by that particular bond, and cannot be held under one bond for materials that were furnished under a contract secured by another bond.
 

 Equitable considerations are beside the question. Equity in this state prevails only in the absence of express law. Rev. Oiv. Code, art. 21.
 

 It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans be amended so as to dismiss plaintiff's suit against the United States Fidelity & Guaranty Company, as surety, and that the judgment as amended be affirmed.
 

 O’NIELL, C. J., is of the opinion that the decree should be a reversal of the judgment of the Court of Appeal and a reinstatement of the judgment of the district court.