## CUTLER BROS., Inc., v. FARMER et al.
### No. 4349.

Court of Appeal of Louisiana, Second Circuit.
Dec. 16, 1932.

James H. Gilfoil, Jr., of Lake Providence, for appellant.

Warren Hunt, of Rayville, for appellee.

McGREGOR, J.

On August 20, 1927, the police jury of East Carroll parish entered into a written contract with one J. H. Farmer for the construction and completion of a certain graveled highway known as the Roosevelt-Henderson Highway. The work required under said contract was hauling, laying, and spreading in place, to the satisfaction of the president of the police jury, of washed and screened gravel to be laid six inches deep and twelve feet wide; said gravel to be furnished by the police jury. To insure the faithful performance of the contract and the payment of any and all labor performed and materials furnished, the said Farmer furnished a bond in the sum of $1,500, with H. G. Peek and P. C. Gardner as sureties.

On October 20, 1927, two similar contracts were entered into between the same parties, covering the Transylvania-Mounds Highway and the Goodrich Highway, and bonds were furnished in the sums of $1,500 and $500, respectively, with the United States Fidelity & Guaranty Company as surety in each case. None of these contracts or bonds were recorded as required by law.

During the time when the said J. H. Farmer was performing these contracts, Cutler Brothers, Incorporated, of Delhi, plaintiff herein, sold and delivered to him at his camp gas, oil, and tires to the amount of $1,411.12. At the completion of the work Farmer had paid on this account the sum of $700, leaving a balance due of $711.12. Having trouble in collecting this amount from Farmer, the plaintiff caused an itemized statement of the account to be prepared and filed and recorded

in the clerk's office at Lake Providence, in compliance with the requirements of law. Steps were taken to collect from the police jury owing to the failure of the police jury to properly record the surety bonds. But this body had paid to Farmer the entire contract price of the three jobs except $200. On the written order of Farmer, this sum was paid to the plaintiff, thereby reducing the amount due to $511.12. On February 7, 1929, the plaintiff filed suit for this amount against J. H. Farmer, the police jury, H. G. Peek, P. C. Gardner, and the United States Fidelity & Guaranty Company. Exceptions of no cause of action and misjoinder were filed by all the sureties in the case, and these were sustained and the suit was dismissed as to them.

At the time of the filing of the suit, J. H. Farmer had left the state, and a curator ad hoc was appointed to represent him. On March 31, 1932, the curator ad hoc filed a statement saying that he had been unable to locate Farmer. No further appearance was made for the absentee, nor was any further action taken against him.

Counsel for the police jury filed an exception of no cause or right of action, which was referred to the merits. In its answer the police jury admitted the contracts with Farmer and its failure to record the contracts and bonds, but denied the debt sued on. At the trial judgment was rendered in favor of the plaintiff against the police jury as prayed for, and the police jury has appealed.

#### Opinion.

Appellant urges its exception of no cause of action, which is leveled at the fact that the material alleged to have been furnished by the plaintiff was used, if at all, indiscriminately on three separate and distinct contracts and that there is nothing in the allegations of the petition as to how much was used on each job.

This exception presents some very intricate and important questions. But since it was referred to the merits, we have considered the merits with the exception at the same time, and because of the decision we have reached on the merits, we find it unnecessary to pass upon the exception.

It would serve no useful purpose to discuss the testimony in detail. Suffice it to say that the plaintiff not only did not allege what portions of gas and oil were used on each job, but there was no attempt made by it to introduce proof of this nature. On the other hand, it was conclusively proved that a considerable indefinite quantity of this material was used by the contractor in hauling several carloads of coal for a United States government levee contract. It is impossible to determine from the evidence how much was used on the police jury's three roads, or how much was used in hauling the coal for the levee contract. That being true, no sum can be fixed that the police jury can legally be called on to pay, even though the work had been done under one contract. It is elemental that a plaintiff must prove his debt, and that he has not done in this case. As we have just said, there is not sufficient testimony in the record to approximate what portion of the gas and oil was used in hauling the road material, and what portion was used in hauling coal for the levee contract. The plaintiff failed to establish his demand; it should be rejected.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby reversed, annulled, and set aside, and the plaintiff's suit is dismissed and its demands rejected; with the costs of both courts to be paid by the plaintiff and appellee.