## TENNESSEE–ARKANSAS GRAVEL CO.,
### Inc., v. HARVEY & JONES
### et al. *
### No. 4315.

Court of Appeal of Louisiana.
Second Circuit.
April 18, 1933.

---

H. W. Ayres, of Jonesboro, for appellants.

Wm. J. Hammon, of Jonesboro, for appellee.

TALIAFERRO, Judge.

Defendant Harvey & Jones was awarded contract by the Louisiana highway commission to construct complete a graveled highway, it furnishing all labor and material therefor, from Bayou Macon bridge, on the Kilbourne-Gassoway highway, to Gassoway, in East Carroll parish, and designated as state project 634–B. To guarantee the faithful performance of the contract and that all bills for labor and material used thereon and therein would be paid, statutory bond, with Union Indemnity Company as surety, was provided and accepted by the highway commission.

Plaintiff sold and shipped to the contractors washed gravel, between May 10 and June 6, 1930, amounting to $5,272.20. This gravel was loaded in railroad cars and consigned to Harvey & Jones, at Kilbourne, in West Carroll parish. Defendant completed its contract and the road was accepted by the highway commission long before this suit was filed.

Plaintiff instituted this suit for balance of $1,400 due on the price of said gravel, against the contractor, a copartnership, and its members, Henry E. Harvey and Andrew D. Jones, and the surety on the bond, the Union Indemnity Company, and for 10 per cent. statutory attorney's fees.

It is alleged that all of said gravel was necessary to complete said contract, that it was purchased to be used on said road and, in fact, was used thereon for surfacing. It is averred that repeated amicable demands had been made on both defendants for payment of the amount herein sued for.

Both defendants deny the correctness of the account sued on, and deny that the gravel, the price of which is sued for, was used by the contractor on project 634–B. The bond company specially denies any liability to plaintiff.

There was judgment below for plaintiff against all defendants for the full amount sued for. The surety company only appealed.

■ Since this appeal was lodged in this court, the affairs and business of appellant were placed in the hands of receivers by the civil district court of the parish of Orleans. Plaintiff, appellee, has moved in this court that the appeal be dismissed because, and on the ground that, appellant has ceased to exist, and "there is no party appellant before the court," citing Act No. 105 of 1898. The receivers, on March 31, 1933, on their own application, were given authority by the civil district court of Orleans parish, to make themselves parties to this appeal, and "to take all steps and proceedings as their counsel may advise necessary or expedient in order to accomplish the general object and purpose" of the court's order. On April 3d, the receivers, pursuant to the powers and authority conferred on them by this court order, requested to be allowed and were allowed by us to become parties to this appeal. We think they are now properly before the court with all the authority necessary to prosecute the appeal and stand in judgment herein. They were authorized to take this step by the same court that dissolved the company. To dismiss the appeal, as urged by appellee, would be in effect an affirmance of the judgment of the lower court for the other defendants did not appeal; it would cut off every defense that could be urged by the receivers against the correctness of the lower court's judgment.

Harvey & Jones have made no appearance in this court. The main defense urged in their answer is directed against the correctness of the account sued on. The verity of this account is well established not only by the testimony of one of plaintiff's officers, but by numerous letters by defendant to plaintiff admitting expressly the indebtedness shown by the account.

■ The defense urged by the surety company in the lower court, and renewed in this court, is that a part of, or all of, the gravel sold by plaintiff to said contractors was not used on project 634–B, but on another project (634–A) which embraced that part of the Kilbourne-Gassoway highway from the bridge over Bayou Macon west to Kilbourne. Harvey & Jones also had contract from the Louisiana highway commission to construct this road at the same time they were constructing project 634–B.

We assume that the contractors gave the bond required by law for the faithful performance of their contract to construct that part of the road embraced in project 634–A, and pay for labor and material used thereon

and therein, but the record does not establish such fact, nor does it disclose the name of the surety thereon, if any bond were given.

The evidence discloses beyond any question that the gravel sold by plaintiff to the contractors was used on both projects. There is no evidence at all to even indicate what proportion of the gravel was used on each project. In such circumstances, it is manifest that plaintiff has not established its case against the surety company.

The case of Clifford F. Favrot Supply Company v. U. S. Fidelity & Guaranty Co., 168 La. 841, 123 So. 593, sustains the above holding. The syllabus reads: "Where contractor entered contracts for construction of two buildings, and surety executed bond for each contract, materialman, in order to enforce liability of surety, must prove what portion of materials sold was used in construction of each building, since bonds were statutory, and under each of them surety was liable only for materials furnished for building covered thereby, and equity prevails only in absence of express law, under Rev. Civ. Code, art. 21."

The question was considered by us to some extent in Cutler Bros., Inc., v. Farmer et al., 144 So. 744, 745. In that case, we said: "It would serve no useful purpose to discuss the testimony in detail. Suffice it to say that the plaintiff not only did not allege what portions of gas and oil were used on each job, but there was no attempt made by it to introduce proof of this nature. On the other hand, it was conclusively proved that a considerable indefinite quantity of this material was used by the contractor in hauling several carloads of coal for a United States government levee contract. It is impossible to determine from the evidence how much was used on the police jury's three roads, or how much was used in hauling the coal for the levee contract. That being true, no sum can be fixed that the police jury can legally be called on to pay, even though the work had been done under one contract. It is elemental that a plaintiff must prove his debt, and that he has not done in this case."

The lower court condemned defendants for 10 per cent. attorney's fees. There is no law that inflicts upon defendant Harvey & Jones the penalty of paying plaintiff's attorney's fees, because of their failure to meet their obligations to plaintiff. There is error in the judgment of the lower court in this respect.

For the reasons herein assigned, the judgment appealed from, in so far as it condemns the Union Indemnity Company for any amount, is hereby annulled, avoided, and reversed, and plaintiff's suit against that company is dismissed as of nonsuit, with costs; and said judgment, in so far as it condemns Harvey & Jones, for payment of attorney's fees, is also annulled and set aside; in all other respects, and as amended hereby, said judgment is affirmed.