### McDONALD v. UNION INDEMNITY CO.
### No. 4547.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

C. V. Pattison, of Lake Charles, and Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Fern M. Wood, of Leesville, for appellee.

TALIAFERRO, Judge.

Plaintiff, an employee of the Barber Bros. Construction Company, instituted this suit against Union Indemnity Company, surety of the employer for workmen's compensation liability, to recover 65 per cent. of his weekly wages for the period of his disability, following injuries received by him in the course of his employment, not to exceed 400 weeks.

Defendant admits that plaintiff was in the employ of the Barber Bros. Construction Company when he claims to have been injured, but denies that he was injured or disabled from the effect of any accident to him while thus employed, and therefore denies any liability to him for compensation.

Plaintiff was given judgment, as prayed for, and defendant appealed suspensively.

### Appeal Dismissed.

In this court the appellee filed motion to dismiss the appeal for the reason that appellant, Union Indemnity Company, had been dissolved and placed in the hands of receivers by the civil district court of Orleans parish, for liquidation, and that there is no defendant and no appellant before the court, the receivers not having been made, and not having made themselves, parties to the suit or to the appeal.

Counsel for appellant, in brief, opposes this motion to dismiss the appeal, and say it is not sustainable because there is no evidence before this court that the allegations of fact set out in the motion are true, and refer us to the recent case of Mustack v. Union Indemnity Company, 147 So. 749, 753, wherein the Court of Appeal for the First circuit declined to dismiss an appeal by the defendant, based on the same grounds as the present one, because such motion was only supported by the ex parte affidavit of counsel of plaintiff, and, as the court said, "there is no showing of which we can take cognizance from any court that would justify us in acting on the motion as presented."

We do not find ourselves in the predicament described by our brothers of the First circuit. In several recent cases the present status of defendant and of its business was, on proper and sufficient evidence, recognized by us. We only have to take cognizance of our own official action. Tennessee-Arkansas Gravel Co. v. Harvey & Jones et al. (La. App.) 147 So. 739; Levy v. Union Indemnity Company (La. App.) 146 So. 182.

The motion is sustained, and the appeal is dismissed, as prayed for.