STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-864

CHRIS ATHERTON

VERSUS

ROSTEET LAW FIRM

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2008-719-F
HONORABLE WILFORD CARTER, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.

AFFIRMED.

**Pickett, J., concurs and assigns written reasons.**

William J. Cutrera
910 Ford Street
Lake Charles, LA  70601
(337) 433-1414
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
    Chris Atherton d/b/a Atherton Intercontinental Concerts, Charles Atherton
    and International Concerts

Emmett C. Sole
H. Alan McCall
Justin C. Ward
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P.O. Box 2900
Lake Charles, LA  70602
(337) 436-9491
**ATTORNEY FOR DEFENDANTS/APPELLEES**
    Rosteet Law Firm and Sidney Rosteet

**COOKS, Judge.**

This is an appeal filed by Appellants, Chris Atherton d/b/a Atherton Intercontinental Concerts, Charles Atherton and International Concerts, LLC, (hereafter Atherton) from two rulings by the trial court granting an Exception of No Cause of Action and an Exception of Res Judicata filed by Appellees, Rosteet Law Firm and Sidney Rosteet (hereafter Rosteet). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This legal malpractice action arose from Rosteet's legal representation of Atherton in two separate proceedings. On November 15, 2002, Atherton through his attorneys (then Seth Hopkins and James Hopkins) filed a lawsuit against Deep South Productions (hereafter "Deep South suit") for damages to rental property, failure to pay for rental property, conversion, theft and slander. On July 6, 2005, Sidney Rosteet was substituted as counsel of record in the Deep South suit. In May of 2007, Rosteet informed Atherton that the suit had been abandoned under La.Code Civ.P. art. 561 for failure to take any steps in the prosecution in the trial court for a period of three years.

On September 15, 2006, Rosteet, on behalf of Atherton, filed a lawsuit against Kelsey Richard seeking injunctive relief and a temporary restraining order. On July 15, 2009, Rosteet filed a Motion to Withdraw from the suit against Kelsey Richard so Atherton could retain new counsel.

In September of 2007, Atherton, through counsel Brian J. Houghtaling, filed a suit against Rosteet asserting Rosteet committed legal malpractice in the handling of the Deep South suit. On February 6, 2008, Atherton, again through his counsel Houghtaling, filed a motion to dismiss the suit with prejudice.

On January 30, 2008, while the above September 2007 legal malpractice suit was still pending, Atherton filed another legal malpractice suit against Rosteet

2

alleging nearly identical claims as alleged in the September 2007 action. The 2008 lawsuit initially alleged only allegations pertaining to the Deep South suit, but was amended on September 19, 2008 to include claims arising from Rosteet's representation of Atherton in the Kelsey Richard suit. It was alleged Rosteet was instructed to file suit for damages arising in tort and for breach of contract, but failed to take timely action and thereby allowed the claims to prescribe. At the time of the amendment, Atherton's suit against Kelsey Richard was still pending.

On February 12, 2009, Rosteet filed an Exception of Res Judicata contending that Atherton's dismissal of the 2007 action with prejudice barred any further assertion of claims related to the Deep South matter. On June 1, 2009, the trial court issued a judgment in Rosteet's favor, granting the Exception of Res Judicata. Atherton then moved the trial court to certify its judgment on the Exception of Res Judicata as final and appealable. After a hearing, the trial court granted the motion to certify the judgment as final for purposes of appeal.

On June 26, 2009, Atherton filed another legal malpractice claim against Brian Houghtaling, alleging Houghtaling committed legal malpractice when he dismissed the September 2007 legal malpractice lawsuit against Rosteet with prejudice.

In response to the additional claims asserted by Atherton, Rosteet filed an Exception of No Cause of Action on the basis that the underlying suit against Kelsey Richard was still pending. Thus, it was argued because Atherton was still able to pursue the underlying cause of action, there was no claim for legal malpractice because Atherton would be unable to prove an essential element of the claim, i.e., injury suffered as a result of the attorney's alleged negligence. The trial court agreed and granted Rosteet's Exception of No Cause of Action by order dated May 6, 2013.

3

Atherton has timely lodged this appeal, asserting the trial court erred in granting the Exceptions of Res Judicata and No Cause of Action. For the following reasons, we affirm.

## ANALYSIS

### I. *Exception of Res Judicata.*

The doctrine of Res Judicata is governed by La.R.S. 13:4231, et seq. Louisiana Revised Statute 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The doctrine of res judicata bars the re-litigation of any claims that have been processed to a final judgment in a prior action between the same parties. Atherton argues the Exception of Res Judicata should have been denied by the trial court on the grounds that the judgment in the 2007 action is an absolute nullity. Specifically, Atherton argues the trial court lacked personal jurisdiction over Rosteet to render a valid judgment in the 2007 action because Rosteet was never served. In support of this argument, Atherton points to La.Code Civ.P. art. 1672(C), which requires that in a situation where a party has been named as a defendant, but service has not been requested, the dismissal shall be without prejudice.

4

Rosteet counters that Atherton's reliance on La.Code Civ.P. art. 1672(C) is misplaced. He notes Article 1672 applies to involuntary dismissals and provides: "A judgment dismissing an action without prejudice shall be rendered to a person *named as a defendant* for whom service has not been requested within the time" prescribed by law. La.Code Civ.P. art 1672(C) (emphasis added). Rosteet notes Atherton was the plaintiff when he moved to dismiss the 2007 suit with prejudice. Therefore, he was not prevented from doing so by Article 1672, which merely limits the remedy for a defendant, who was not timely served, to seek a dismissal without prejudice. Atherton was the plaintiff in the 2007 suit, thus the limitation of Article 1672 did not apply. We agree with Rosteet's argument, and find the trial court was not limited to granting a dismissal without prejudice.

It is clear pursuant to the res judicata doctrine and Louisiana case law, a dismissal with prejudice has the effect of a final judgment of absolute dismissal and constitutes a bar for the reassertion of the same claims in a subsequent action. La.Code. Civ.P. art. 1673; *Dean v. The City of New Orleans*, 05-1347 (La.App. 4 Cir. 7/12/06), 936 So.2d 851. As Rosteet notes, Atherton cannot dispute the fact that the 2007 legal malpractice suit against Rosteet was dismissed *with prejudice*. As such, the trial court did not err in granting the Exception of Res Judicata, finding the dismissal with prejudice was valid and constituted a final judgment between the parties.[1]

## II. *Exception of No Cause of Action.*

As the grounds for his legal malpractice suit against Rosteet, Atherton claims that Rosteet's alleged malpractice terminated his claims against Kelsey Richard. The trial court, however, found Atherton was still pursuing his claims against Richard. Thus, it found no cause of action for legal malpractice was stated by Atherton and granted Rosteet's exception.

---

[1] We note, as set forth earlier, that Atherton filed a separate, still pending, legal malpractice action against Brian J. Houghtaling, the attorney who filed the motion to dismiss the 2007 action with prejudice.

5

Atherton contends the trial court committed reversible error by considering exhibits attached to Rosteet's Exception of No Cause of Action and by taking judicial notice of the underlying suit filed by Atherton against Richard. Rosteet offered documents from the underlying suit to support his contention that he had withdrawn from the action while the suit was still active and pending. Under La.Code Civ.P. art. 931, the general rule is that "no evidence may be introduced at any time to support or controvert the exception that the petition fails to state a cause of action." However, as Rosteet notes, the jurisprudence has recognized a limited exception to that rule when the evidence sought to be offered is part of an official record of the trial court before which the evidence is being offered. *Matassa v.Bel*, 156 So.2d 250, 253 (La.App. 4 Cir. 1963), *rev'd on other grounds*, 164 So.2d 332 (La. 1964), citing *McDonald v. Union Indemnity Co.*, 149 So. 143 (La.App. 2 Cir. 1933). Thus, we find the trial court did not commit reversible error in taking judicial notice of and considering Atherton's suit against Richard, which was inextricably linked to the legal malpractice suit against Rosteet.

Atherton next argues the trial court erred when it considered and ruled on the Exception of No Cause of Action as a Motion for Summary Judgment. This argument is based on the following statement made by the trial court during the hearing on the exception, after informing the parties it would take judicial notice of the underlying suit Atherton filed against Kelsey Richard:

> So, I will grant the exception of no cause of action. And also, even though it's styled "Exception of No Cause of Action," if I'm incorrect on that because I considered the other suit record . . ., I will receive it as a motion for summary judgment . . . .

We find this argument is without merit, because, as set forth above, we found no error in the trial court considering Atherton's suit against Richard and in granting the exception of no cause of action on that basis.

6

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-864

CHRIS ATHERTON

VERSUS

ROSTEET LAW FIRM

PICKETT, J., concurring.

I agree with the majority's reasoning insofar as it finds the trial court properly granted the exception of res judicata.

As to the exception of no cause of action, I find the trial court erred in considering evidence in violation of La.Code Civ.P. art. 931. I am not persuaded that the cases cited in the majority opinion support the consideration of the records in a different suit before the same court. The trial court recognized this error when it stated on the record that it would treat the filing as a motion for summary judgment.

"In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court . . . should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Fink v. Bryant*, 01-987, p. 4 (La. 11/28/01), 801 So.2d 346, 349. In this case, Mr. Atherton's petition does not contain sufficient facts to support a cause of action. To support a claim for legal malpractice, the plaintiff must show: the existence of an attorney-client relationship, negligent representation by the attorney, and loss to the client caused by that negligence. *Leger v. Weinstein*, 03-1497 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, *writs denied*, 04-2899, 04-2903 (La. 2/4/05), 893 So.2d 882, 873.

Here, Mr. Atherton's petition fails to allege that he has suffered any actual loss. He only speculates that he may suffer certain losses. "The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a delictual action." *Braud v. New England Ins. Co.*, 576 So.2d 466, 468 (La.1991).

For these reasons, I concur in the judgment of the majority that Rosteet's exception of no cause of action was properly sustained.