# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1125


**LYNDALL SPRINGER**

**VERSUS**

**NANNIE O'NEAL SENIOR APARTMENTS,  ET AL.**


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2012-0256 - DIVISION B
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********


Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED AS AMENDED.**


**David M. Culpepper**
**400 Poydras Street, Suite 1710**
**New Orleans, LA   70130**
**(504) 525-8111**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **MAC-RE, LLC**

**Richard A. Rozanski**
**Wheelis & Rozanski**
**Post Office Box 13199**
**Alexandria, LA   71315-3199**
**(318) 445-5600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Murray A. Calhoun**
    **Maurice Riemer Calhoun, Jr.**
    **Calhoun Property Management, Inc.**
    **Beauregard Seniors Apartments, ALPC**
    **Beauregard Community Action Associates, Inc.**

**D. Patrick Daniel, Jr.**
**Post Office Box 37369**
**Houston, TX   77237**
**(337) 232-7516**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lyndall Springer**

**AMY, Judge.**

The plaintiff herein filed lawsuits in both state and federal court. After the federal suit was voluntarily dismissed with prejudice, the defendants filed an exception of res judicata in the state court action. After a hearing, the trial court granted the exception of res judicata and found that the plaintiff's premises liability claims were precluded. This appeal follows. For the following reasons, we affirm, as amended.

## Factual and Procedural Background

The plaintiff, Lyndall Springer,[1] filed a petition in the Thirty-Sixth Judicial District Court, Parish of Beauregard against several defendants, including Beauregard Seniors Apartments Partnership, A Louisiana Partnership in Commendam and MAC-RE, L.L.C. In response to Mr. Springer's initial efforts, various defendants filed exceptions of vagueness, which were granted by the trial court.

Mr. Springer filed thereafter his fourth amended petition, naming Beauregard, MAC-RE, and an insurer as defendants. Therein, Mr. Springer alleged that he is a resident of the Nannie O'Neal Senior Apartments, which are owned and managed by Beauregard and MAC-RE, respectively. According to the petition, Mr. Springer tripped over a curb in the apartment parking lot and fell, causing significant injuries. Mr. Springer alleges that he is handicapped and that the apartment complex "did not have necessary handicapped access . . . for its tenants and residents and [the defendants] were aware of same and failed to

---

[1] Mr. Springer's first name is also spelled as "Lyndell," most notably on the cover of the record. However, we use the spelling from Mr. Springer's signature in the petition. We also note that "Nannie O'Neal Senior Apartments" is referred to as the "Nannie O'Neal Seniors Apartments" in the record. We use the spelling in the petition.

remedy said defect." Beauregard and MAC-RE re-urged their exceptions of vagueness and failure to comply with La.Code Civ.P. art. 891. The trial court granted the re-urged exception of vagueness and dismissed Mr. Springer's action without prejudice. Mr. Springer appealed the dismissal.

While Mr. Springer's appeal was pending, he filed a complaint in federal court against Beauregard and MAC-RE, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the Louisiana Equal Housing Opportunity Act, La.R.S. 51:2601 *et seq.*; and unspecified "state law" claims. After Beauregard and MAC-RE moved to dismiss those claims pursuant to F.R.C.P. 12(b)(6), the federal court dismissed Mr. Springer's ADA claims as prescribed, but, noting that they would be subject to a motion for summary judgment, maintained the remainder of his causes of action.

Thereafter, in *Springer v. Nannie O'Neal Apartments*, 13-570, p. 5 (La.App. 3 Cir. 11/13/13), 125 So.3d 606, 609, a panel of this court found "nothing lacking" in Mr. Springer's state court petition and reversed the trial court's grant of the exception. Mr. Springer then filed a motion to stay in federal court, arguing that the federal case should be stayed until the state court claims were resolved. However, before the federal court ruled on that motion and on the defendants' motion for summary judgment, the parties filed a joint motion for dismissal with prejudice. The federal court granted that motion and entered a judgment of dismissal with prejudice.

In the state court case, the defendants filed, among other motions, an exception of res judicata, contending that the judgment of dismissal in the federal court precluded Mr. Springer's state court action. After a hearing, the trial court

2

granted the exception of res judicata and found that Mr. Springer's premises liability claims were precluded.

Mr. Springer appeals, asserting that the trial court erred in granting the exception of res judicata. The defendants have also answered the appeal, requesting that this court amend the trial court's judgment.

## Discussion

*Res Judicata*

Res judicata operates to bar relitigation of claims that were prosecuted to a final judgment in a previous suit between the same parties. *Atherton v. Rosteet Law Firm*, 13-864 (La.App. 3 Cir. 4/16/14), 137 So.3d 1246, *writ denied*, 14-1019 (La. 9/12/14), 148 So.3d 930. When the exception of res judicata is raised before submission of a case and evidence is received from both parties, the appellate court reviews the trial court's decision sustaining the exception under the manifest error standard of review. *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021.

Where a previous federal court judgment exercising federal question jurisdiction is asserted to preclude a state court claim, the state court should apply the federal law of res judicata. *Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993), *cert. denied*, 510 U.S. 1165, 114 S.Ct. 1191 (1994). As stated in *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654, 95-671, p. 15 (La. 1/16/96), 666 So.2d 624, 633:

> [A]ny judgment under federal res judicata law, bars a subsequent suit if all of the following tests are satisfied: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases.

Here, there is no dispute that the federal litigation and the state case involve the same parties or that the federal court was a court of competent jurisdiction. Mr. Springer originally asserted that the voluntary dismissal with prejudice did not constitute a final judgment on the merits. However, the United States Fifth Circuit Court of Appeals has determined that a voluntary dismissal with prejudice can operate as a bar to subsequent litigation of the same claims. *Tu Nguyen v. Bank of America, N.A.*, 516 Fed.Appx. 332 (5th Cir. 2013). *See also Atherton*, 137 So.3d 1246.

Thus, the pertinent determination is whether the same cause of action is at issue in both Mr. Springer's federal suit and his state court action. In determining whether two complaints involve the same cause of action, the court should apply the "transactional test" contained in the Restatement (Second) of Judgments and determine whether the two actions are based on the same "nucleus of operative facts." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).

Further, where a party could have asserted state law claims in a federal case pursuant to the federal court's pendent jurisdiction, but has failed to do so, the federal judgment will typically bar subsequent litigation of those state court claims. *Reeder*, 623 So.2d 1268. As stated by the supreme court in *Reeder*, 623 So.2d at 1272-73:

> Succinctly stated, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had "pendent" jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion.

4

In order for pendent jurisdiction to exist, the federal court must have subject matter jurisdiction pursuant to a federal claim, and the relationship between the federal claim and the state claim is such that they derive from a common nucleus of operative facts so that a plaintiff would normally be expected to try all of his claims in one setting. *Id.* (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966)).[2] The factual connection between the claims need only be a loose one. *Id.*

Here, we have reviewed the petition in this case and the evidence submitted at the hearing on the exception of res judicata. The alleged factual basis for both suits is substantially similar. Both reference Mr. Springer's alleged fall on the defendants' premises and allege that the defendants are liable for failing to provide Mr. Springer with appropriate handicapped access.[3] We note that in his federal action, Mr. Springer does not limit his causes of action to the Americans with Disabilities Act, the Fair Housing Act, or the Louisiana Equal Opportunity Housing Act, but he also asserts other, unspecified "state law claims." Further, Mr. Springer asserts similar acts or omissions on the parts of the defendants in both suits, and the damages sought by Mr. Springer in both suits are also virtually identical. Accordingly, we conclude that Mr. Springer's federal claim and his state

---

[2] *See also* 28 U.S.C. § 1367.

[3] For instance, we note that Mr. Springer's state court petition alleges that "The area in front of apartment #34 providing ingress and egress on to the sidewalk and entrance to Plaintiff's apartment does not provide handicapped access of any type, specifically a ramp. Plaintiff tripped when he was attempting to traverse same."

Similarly, Mr. Springer's federal complaint alleges that "The area in front of Plaintiff's apartment providing ingress and egress on to the sidewalk from the public parking lot and entrance to Plaintiff's apartment does not provide handicapped access of any type, specifically a ramp. Plaintiff tripped when he was attempting to traverse same."

claims derive from a common nucleus of operative facts such that he would normally be expected to try all of his claims in one setting.

Further, there is nothing in the record which would indicate that the federal court would decline to exercise its pendent jurisdiction. *Compare with Morales v. Parish of Jefferson*, 10-273 (La.App. 5 Cir. 11/9/10), 54 So.3d 669; *Velazquez v. Landcoast Insulation, Inc.*, 08-804 (La.App. 3 Cir. 12/10/08), 999 So.2d 318, *writ denied*, 09-66 (La. 3/6/09), 3 So.3d 430. Nor do we find anything in the record suggesting that there was a reservation of Mr. Springer's state law claims. *See Terrebonne*, 666 So.2d 624.

Additionally, Mr. Springer asserts in his reply brief that his state law claims would have been prescribed had he attempted to assert them in his federal suit. We find no merit to this contention. Pursuant to La.Civ.Code art. 3462, "[p]rescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption." La.Civ.Code art. 3466.

Mr. Springer alleges that his fall occurred on March 15, 2011. The record indicates that he filed suit in Beauregard Parish on March 13, 2012, within the one-year prescriptive period for delictual actions. *See* La.Civ.Code. art. 3492. The trial court's judgment dismissing his state court case was entered on January 10, 2013. We find that the earliest that the one-year prescriptive period for delictual actions could have begun to run anew is that date. Mr. Springer filed his federal action on March 14, 2013, well within the prescriptive period for his state court claims.

Accordingly, Mr. Springer's assertion that the federal court could not consider his state court claims because they had prescribed at the time he filed his federal suit is without merit. *See Velazquez*, 999 So.2d 318.

Thus, we find no error in the trial court's grant of the exception of res judicata.

*Answer to the Appeal*

The defendants have answered the appeal, requesting that this court amend the trial court's judgment to indicate that it is with prejudice, pursuant to La.Code Civ.P. art. 934.[4]  Article 934 states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.  If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Thus, although La.Code Civ.P. art. 934 does not explicitly say that a dismissal pursuant to the grant of a peremptory exception should be with prejudice, the peremptory exceptions are intended to *preclude* a right of action. *See Downs v. R.T.S. Sec., Inc.*, 95-835 (La.App. 3 Cir. 1/31/96), 670 So.2d 434, *writ denied*, 96-1325 (La. 9/13/96), 679 So.2d 104.  Under the facts of this case, the lawsuit was over when the exception of res judicata was granted.  However, the issue has been raised and, in the interest of clarity, we will amend the judgment to indicate that

---

[4] Although the judgment under review does not include language specifically stating that the matter has been dismissed, we observe that the trial court found that Mr. Springer's premises liability claims were precluded.  Further, we note that this court may consider matters under both its appellate and supervisory jurisdiction pursuant to La.Const. Art. V, § 10 and "shall render any judgment which is just, legal, and proper upon the record on appeal."  La.Code Civ.P. art. 2164.

7

the matter is dismissed with prejudice.  *See Pate v. Reg. Transit Auth.*, 08-1147 (La.App. 4 Cir. 3/11/09), 8 So.3d 744.

## DECREE

For the foregoing reasons, the trial court's judgment granting the exception of res judicata is amended to show that the plaintiff-appellant's claims are dismissed with prejudice.  The judgment, as amended, is affirmed.  Costs of this matter are assessed to the appellant, Lyndall Springer.

**AFFIRMED AS AMENDED.**