NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-236

CHANSE CEASAR

VERSUS

CITY OF EUNICE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3161-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

AFFIRMED.

Chanse Ceasar
In Proper Person
331 Acadia St.
Eunice, LA 70535
Plaintiff/Appellant

**Kyle Choate**
**Joy C. Rabalais**
**H. Edward Barousse, III**
**Taylor Stover**
**Allison M. Ackal**
**Borne, Wilkes & Rabalais**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant/Appellee:**
     **City of Eunice**

**PERRET, Judge.**

Chance Ceasar appeals a district court judgment that sustained a Peremptory Exception of Res Judicata and dismissed his suit against the City of Eunice. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

On July 15, 2013, Mr. Ceasar was arrested by the Eunice Police Department. On July 11, 2014, as a result of the arrest, Mr. Ceasar filed a Petition for Damages in the Twenty-Seventh Judicial District Court, Parish of St. Landry, against the City of Eunice, alleging that his civil rights were violated. On that same date, Mr. Ceasar filed a "Complaint Against Police Officers for Unlawful Arrest Search, and Incarceration Resulting in Personal Injuries: Police Brutality and Unlawful Detainment," alleging federal civil rights violations and claims under the U.S. Constitution. On July 29, 2014, the City of Eunice filed a Notice of Removal Based on Federal Question, which was granted by the U.S. District Court on July 31, 2014.

On May 13, 2015, the City of Eunice filed a Motion for Summary Judgment, arguing that there are no genuine issues of fact as to Mr. Ceasar's civil rights claim under 42 U.S.C. §1983, Fourth Amendment to the U.S. Constitution, as well as any state or tort claims against it, and that Mr. Ceasar's case should be dismissed in its entirety. Following a hearing on July 23, 2015, the U.S. District Court granted the City of Eunice's Motion for Summary Judgment, and dismissed all of Mr. Ceasar's claims against it, finding that "the plaintiff failed to show any material facts at issue and judgment as a matter of law in favor of the defendant is warranted." On August 5, 2015, Mr. Ceasar filed a Motion for New Trial, which the U.S. District Court granted "solely to consider the evidence presented by Mr. Ceasar following conclusion of the summary judgment hearing which he [Mr. Ceasar] argues was excluded by his attorney, but beneficial to his case."

On August 18, 2015, after a full review of all documents and videos submitted by Mr. Ceasar, the U.S. District Court found "its original Judgment is correct and again holds there are no material facts at issue and judgment in favor of the City of Eunice is proper," and dismissed all of Mr. Ceasar's claims against the City of Eunice, with prejudice. Mr. Ceasar appealed this final judgment to the Fifth Circuit Court of Appeals. On March 24, 2016, the Fifth Circuit affirmed the U.S. District Court's judgment that dismissed Mr. Ceasar's claims in their entirety.

On August 4, 2016, Mr. Ceasar filed a Motion to Set Pre-Trial and Trial in the Twenty-Seventh Judicial District Court, Parish of St. Landry, which was denied on October 3, 2016. On December 2, 2016, the City of Eunice filed a Peremptory Exception of Res Judicata seeking to have Mr. Ceasar's state court claims dismissed with prejudice. Following a hearing on January 9, 2017, the district court granted the Peremptory Exception of Res Judicata and dismissed Mr. Ceasar's state claims against the City of Eunice. Mr. Ceasar now appeals this final judgment.

**STANDARD OF REVIEW:**

The doctrine of res judicata operates to bar "relitigation of a subject matter arising from the same transaction or occurrence of a previous suit." *Avenue Plaza, L.L.C. v. Falgoust*, 96-0173, p.4 (La. 7/2/96), 676 So. 2d 1077, 1079 (citation omitted). The standard of review of a ruling sustaining an exception of res judicata based on "a prior judgment is a question of law that is reviewed de novo." *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672).

**DISCUSSION:**

The issue before this court is whether the state district court, Parish of St. Landry, correctly granted the City of Eunice's Peremptory Exception of Res Judicata and dismissed Mr. Ceasar's state claims against it. "Res judicata is an issue and claim

preclusion device found both in federal law and state law." *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-654, 95-671, p. 12 (La. 1/16/96), 666 So.2d 624, 631. "Where a previous federal court judgment exercising federal question jurisdiction is asserted to preclude a state court claim, the state court should apply the federal law of res judicata." *Springer v. Nannie O'Neal Senior Apartments*, 14-1125, p.2 (La.App. 3 Cir. 4/1/15), 162 So.3d 710, 713, *writ denied*, 15-0858 (La. 6/5/15), 171 So.3d 951 (citations omitted).

In addressing federal res judicata principles, the state supreme court stated in *Terrebonne Fuel & Lube,* 666 So.2d at 633:

> [A]ny judgment under federal res judicata law, bars a subsequent suit if all of the following tests are satisfied: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases.

In determining whether the same cause of action is at issue in both the federal and state action, this court applies "'the transactional test' contained in the Restatement (Second) of Judgments and determine[s] whether the two actions are based on the same 'nucleus of operative facts.'" *Springer*, 162 So.3d at 714 (citing *In re Ark-La-Tex Timber Co.*, Inc., 482 F.3d 319, 330 (5th Cir.2007)). Under this test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Jefferson Marine Towing, Inc. v. Kostmayer Const., LLC*, 09-310, p. 6 (La.App. 5 Cir. 1/26/10), 32 So.3d 255, 259-60, *writ denied*, 10-0378 (La. 4/23/10), 34 So.3d 265 (citation omitted).

After a review of the record in this matter, we find that all four elements necessary for the application of res judicata are satisfied. Mr. Ceasar properly filed suit against the City of Eunice in the Twenty-Seventh Judicial District Court for the State of Louisiana (state court), which lies within the jurisdiction of the United States

District Court for the Western District of Louisiana (federal court), alleging violations of state and federal law arising out of his arrest on July 15, 2013. Therefore, jurisdiction was proper in both the state and federal courts. On July 29, 2014, the City of Eunice filed a Notice of Removal Based on Federal Question Jurisdiction to remove the matter from state court to federal court. On July 27, 2015, the U.S. District Court rendered a judgment that granted a Motion for Summary Judgment in favor of the City of Eunice and dismissed all of Mr. Ceasar's claims against it, with prejudice. Because the Motion for Summary Judgment was granted, and the claims were dismissed in federal court, the same claims in state court are subject to claim preclusion under the theory of res judicata. Accordingly, we find that the state district court was correct in sustaining the Peremptory Exception of Res Judicata.

**CONCLUSION:**

For these reasons, we affirm the district court's judgment that sustained the Peremptory Exception of Res Judicata and dismissed Mr. Ceasar's suit against the City of Eunice.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

4